UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No.: 1:06CV00498 JGP

        v.

Lorenzo Marks,

        Defendant.

**PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT
WITH AN AWARD OF ATTORNEYS FEES**

Pursuant to Rule 55(b)(2), the United States of America requests the Court to enter a default judgment in this case. In addition to the amounts set forth in the default judgment affidavit attached hereto, the United States of America requests an award of attorney's fees of $1,712.40 plus the fees charged by counsel's private process server for serving the summons and complaint ($50.00) plus costs.

        1.        The undersigned is private counsel for the United States of America under contract with Department of Justice to do collection work for the U.S. Attorney's Office. The United States of America pays the undersigned a contingent fee of 29.50% on all amounts collected. The requested attorney's fees are calculated on the amount of the judgment requested (principal plus accrued interest) as shown in the certificate of indebtedness. Our contract with the Department of Justice requires us to seek to obtain attorney's fees in all cases assigned to us.

        2.        The student loan or other promissory notes provide for the borrower to pay reasonable attorney's fees (although they do not specify the dollar amount or the percentage amount) and other costs and charges necessary for the collection of any amount not paid when due. We submit to the Court that the government's contract rate constitutes reasonable attorney's

fees. These are the fees that the United States of America will have to pay its attorney. That fee was the product of a competitive contract bidding process. An award of this amount will indemnify the United States for costs it must incur because the defendant has failed to pay his/her obligation to the United States. The taxpayers should not be required to absorb this expense.

      3.      Similarly, the other expenses that the United States must pay for private process server fees are all expenditures related to the collection of this debt. Local Rule LCvR54.1 allows taxing of service of process costs. Title 31 U.S.C. §3717(e) provides for fees for processing and administering the claim after agency referral to the Department of Justice. Had the borrower made satisfactory payment arrangements with the Department of Education or other agency, this claim would not have been referred to the Department of Justice, and these added costs to the government would not have been incurred. The taxpayer should not be asked to pay these expenses.

      4.      The United States is entitled to recover the $350.00 filing fees as costs under 28 U.S.C. §242(a)(2).

      WHEREFORE, the United States of America prays that a default judgment in the amount contained in the attached affidavit plus attorney's fees in the amount of $1,712.40 plus private process server fees of $50.00 be awarded plus the $350.00 filing fee. The draft order contains the precise amounts requested.

                            Respectfully submitted,

DATE: March 27, 2007

                            Thomas A. Mauro (Bar No. 184515)
                            Attorney for the United States of America
                            1020-19TH Street, N.W.; #400
                            WASHINGTON, D.C. 20036
                            PH:  (202) 452-9865 / FAX (202) 452-0092

## POINTS AND AUTHORITIES

     1.    The promissory note and Certificate of Indebtedness (The original or certified copy or certifying affidavit of the promissory note(s) is attached only to the original of this application or to the original complaint; copies of the promissory note(s) were served with the summons and complaint.)

     2.    Rule 55(b)(2)

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that true and correct copies of the Plaintiff's Application for a Default Judgment with an Award of Attorneys Fees and proposed Order were mailed, first class mail, postage paid, this March 27, 2007 to:

        Lorenzo Marks
        1726 Montello Ave. Ne
        Washington, DC  20002

                                        Thomas A. Mauro

THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT BY A DEBT COLLECTOR; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No.: 1:06CV00498 JGP

        v.

Lorenzo Marks,

        Defendant.

## AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT

    I certify, under penalty of perjury, that:

a.     I am attorney of record for the United States of America in this case.

b.     There is justly owing and due the United States (as documented in the complaint and the attachments thereto) by the defendant(s) the principal sum of $2,636.54 plus accrued interest of $3,168.21 as of 12/30/2005, and other costs and allowable expenses, for a total judgment of $5,804.75 with interest on $2,636.54 from 12/30/2005, at 8.000% per annum to the date of judgment, plus interest on the total judgment at the legal rate thereafter until paid, plus attorney's fees.

c.     The private process server fees incurred to date are $50.00.

d.     The defendant has not filed an answer.

                                                                             Respectfully submitted,

March 27, 2007

                                                           Thomas A. Mauro (Bar No. 184515)
                                                           Attorney for the United States
                                                           1020-19TH Street, N.W.; #400
                                                           WASHINGTON, D.C. 20036
                                                           PH:  (202) 452-9865 / FAX (202) 452-0092

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No.: 1:06CV00498 JGP

       v.

Lorenzo Marks,

        Defendant.

**ORDER GRANTING DEFAULT JUDGMENT**

    Upon consideration of the unopposed application of the United States of America for a default judgment, including attorney's fees and other expenses, the Court will grant the default judgment requested. Based on the matters set forth in the application and attachments thereto and the documents in the case file, the Court further concludes that the request of the United States for attorney's fees and the awarding of other costs is reasonable.

    Accordingly, it is this the _____ day of _____, 200_, ORDERED THAT:

    1.    A default judgment be and it hereby is entered in favor of the United States of America against Lorenzo Marks in the amount of $2,636.54 plus accrued interest of $3,168.21 as 12/30/2005, and other costs and allowable expenses, for a total judgment of $5,804.75 with interest on $2,636.54 from 12/30/2005, at 8.000% per annum to the date of judgment, plus interest on $5,804.75 at the legal rate of _____% pursuant to 28 U.S.C. §1961 until paid, plus attorney's fees of $1,712.40, and plus collection costs of $400.00 (the filing fee of $350.00 plus private process server fees of $50.00).

    2.    The United States is further awarded the cost of private process server fees incurred in

serving post-judgment executions and discovery.  The Clerk shall tax them as costs.

    3.  The Defendant is encouraged to contact counsel for the United States to make voluntary payment arrangements.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas A. Mauro
Attorney for the United States of America
1020-19TH Street, N.W.; #400
WASHINGTON, D.C. 20036

and

Lorenzo Marks
1726 Montello Ave. Ne
Washington, DC 20002